UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. _____

BROWN & BROWN INSURANCE
SERVICES, INC.,

       Plaintiff,

  v.

LEGACY INSURANCE GROUP, LLC,
LEGACY INSURANCE GROUP 3.0, LLC,
NATHAN GILBERT INSURANCE AGENCY,
SWENSON INSURANCE GROUP,
SWENSON CAPITAL, LLC, and WESTYN
SWENSON

       Defendants.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and with full reservation of all defenses and objections, Defendants Legacy Insurance Group 3.0, LLC, Nathan Gilbert Insurance Agency, Swenson Insurance Group, Swenson Capital, LLC, and Westyn Swenson (collectively, "Defendants") hereby remove this case from the Circuit Court of the Seventh Judicial Circuit, Volusia County, Florida to the United States District Court for the Middle District of Florida. In support of this Notice of Removal, Defendants respectfully state:

### I. BACKGROUND

1. Plaintiff Brown & Brown Insurance Services, Inc. ("Brown & Brown" or "Plaintiff") sued Defendants in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida. Plaintiff asserts four state-law claims all alleging that Defendants wrongfully took a book of business associated with Westyn Swenson when Swenson left Brown & Brown in 2024.

2. Diversity jurisdiction exists over this case because (a) Plaintiff is a Florida citizen and no properly joined Defendant is a Florida citizen and (b) the amount in controversy is greater than $75,000.00.

## II.   PROCEDURAL REQUIREMENTS FOR REMOVAL

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of service of the Summons and Complaint.

4. Removal to the United States District Court for the Middle District of Florida, Orlando Division, is proper under 28 U.S.C. § 1441(a) because this is the United State District Court and Division embracing the place where the state court action is pending.

5. All properly named Defendants join this removal and consent to removal of this action. Defendant Legacy Insurance Group, LLC, is not a proper party to this action and thus may be disregarded for jurisdictional purposes.

6. A copy of Defendants' Notice of Removal is being filed with the Clerk of Court of the Circuit Court of the Seventh Judicial Circuit, and written notice is being given to Plaintiff in accordance with 28 US.C. § 1446(d).

7. Defendants reserve the right to amend or supplement this Notice of Removal and further reserve all of their defenses and objections to Plaintiff's claims.

## III.   GROUNDS FOR REMOVAL

8. This case is removable under federal diversity jurisdiction, 28 U.S.C. § 1332(a), because complete diversity exists among all properly joined parties and the amount in controversy exceeds $75,000.

**A. Complete Diversity Exists Among All Properly Joined Parties.**

9. Plaintiff asserts in its Complaint that it is incorporated in Florida and maintains its principal

place of business in Daytona Beach, Volusia County, Florida. *See* Compl. ¶ 32, *attached as* Ex. E. Plaintiff thus is a citizen of Florida for jurisdictional purposes.

10. Defendant Legacy Insurance Group 3.0, LLC ("Legacy 3.0") is a limited liability company. Its sole member is Mitchell Heath Barnett. Barnett was domiciled in Oklahoma until April 1, 2025, and thus is a citizen of Oklahoma for jurisdictional purposes for this Complaint. *See* Ex. A ¶¶ 4-5 (Barnett Decl.). He now is domiciled in Texas. *Id.* Legacy 3.0 thus is a citizen of Oklahoma for jurisdictional purposes.

11. Defendant Nathan Gilbert Insurance Agency is a limited liability company. Its sole member is Nathan Gilbert, who is domiciled in Texas and thus is a citizen of Texas for jurisdictional purposes. *See* Ex. B ¶¶ 4-5 (Gilbert Decl.). Nathan Gilbert Insurance Agency thus is a citizen of Texas for jurisdictional purposes.

12. Defendant Westyn Swenson is domiciled in Texas and thus is a citizen of Texas for jurisdictional purposes. *See* Ex. C ¶ 6 (Swenson Decl.).

13. Defendant Swenson Capital LLC is a limited liability company. Its sole member is Westyn Swenson, who is domiciled in Texas and thus is a citizen of Texas for jurisdictional purposes. Swenson Capital LLC thus is a citizen of Texas for jurisdictional purposes. *See* Ex. C ¶ 4.

14. Defendant Swenson Insurance Group is a limited liability company. It has two members: (1) Swenson Capital LLC; and (2) Westyn Swenson. *See* Ex. C ¶ 5. Because both Swenson Capital LLC and Westyn Swenson are citizens of Texas, Swenson Insurance Group is also thus a citizen of Texas for jurisdictional purposes.

15. Defendant Legacy Insurance Group, LLC, is not a proper party to this action and thus may be disregarded for a diversity jurisdiction analysis. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (a non-diverse defendant should be ignored when "there is no

possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant").

16. Plaintiff appears to have confused Defendant Legacy Insurance Group, LLC, a Florida limited liability corporation ("Legacy Florida"), as being associated with Legacy Insurance Group 3.0, LLC.

17. According to the Articles of Organization for Legacy Florida, available through the Florida Secretary of State, three people are authorized to manage Legacy Florida: Justin Etheridge, Aubrey Etheridge, and Julie Caldwell. *See* Legacy Ins. Grp. LLC Articles of Incorporation (Aug. 1, 2024).[1] The Verified Return of Service by which Legacy Florida was served the Complaint confirms that Aubrey Etheridge was the individual who was served on behalf of Legacy Florida. *See* Return of Service for Legacy Ins. Group LLC (Mar. 21, 2025), State Court Dkt. 16, *attached as* Ex. G-13.

18. None of the Legacy Florida managers are ever mentioned in the lawsuit. Indeed, the only allegations as to Legacy Florida are that it has a "direct business relationship" with Legacy 3.0 and Nathan Gilbert Insurance Group. Compl. ¶¶ 36-37.

19. Legacy 3.0's sole member has submitted sworn testimony that he has never met or interacted with any of the managers of Legacy Florida, nor has Legacy 3.0 ever done business with or had any other relationship with Legacy Florida or its managers. *See* Ex. A ¶¶ 6-7.

---

[1] The Articles of Organization for Legacy Florida are electronically available on Sunbiz.org at https://search.sunbiz.org/Inquiry/CorporationSearch/ConvertTiffToPDF?storagePath=COR%5C2024%5C0808%5C80116538.tif&documentNumber=L24000339678. This Court may take judicial notice of articles of organization filed with the Florida Secretary of State because they are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Aspire Health Partners, Inc. v. Aspire MGT LLC*, No. 6:24-cv-1578-JSS-EJK, 2024 U.S. Dist. LEXIS 229328, at *4 n. 1 ("District courts in the Eleventh Circuit routinely take judicial notice of Sunbiz records because they are 'publicly available on the Florida Department of State's website.'") (citations omitted).

20. Nathan Gilbert Insurance Group's sole member has submitted sworn testimony that he has never met or interacted with any of these people, nor has Legacy 3.0 ever done business with or had any other relationship with any of these individuals or with Legacy Florida. *See* Ex. B ¶¶ 6-7.

21. Likewise, Shannon Etheridge, Legacy Florida's owner and the individual in charge of the day-to-day operations of Legacy Florida, has submitted sworn testimony that neither she nor Legacy Florida has ever met or interacted with Legacy 3.0, Nathan Gilbert Insurance Group, Swenson Capital LLC, Swenson Insurance Group, or any of their respective members. Ex. D ¶¶ 8-11 (Etheridge Declaration). Etheredge also swore that she is unfamiliar with and has no relation to Westyn Swenson and any of the alleged events that form the basis of the Complaint. *Id.* ¶¶ 7-9.

22. Thus, the incontrovertible evidence shows that Legacy Florida is not a proper defendant in this case because it has no relationship to the facts of this case.

23. It appears that Plaintiff either misidentified Legacy Florida as related to Legacy 3.0 or improperly included Legacy Florida to defeat diversity. Because the above-referenced declarations establish that Plaintiff could never recover from Legacy Florida based on the facts alleged in this Complaint, Legacy Florida must be ignored for diversity jurisdiction purposes. *See Triggs*, 154 F.3d at 1287.

24. For jurisdictional purposes, Plaintiff is a citizen of the State of Florida, and the properly named Defendants are citizens of Oklahoma and Texas. Accordingly, complete diversity among the parties exists under 28 U.S.C. § 1332(a).

**B. The Amount in Controversy Exceeds $75,000.**

25. Plaintiff asserts various claims alleging that Swenson and Defendants improperly took Swenson's book of business with him when he left Brown & Brown in late June 2024. *See, e.g.*, Compl. ¶ 96. Defendants strongly dispute any wrongdoing and will vigorously defend themselves

in this case.

27.      The measure of the amount in controversy of this case must include a measurement of the value of the book of business at the center of the case.

27.      Plaintiff asserts that "Brown & Brown purchased certain of these client accounts and their associated confidential information—including client accounts associated with Swenson—from Hillco at great cost." *Id.* ¶ 51.

28.      The cumulative value of the Swenson book of business that Brown & Brown allegedly purchased from Hillco was at least $145,966.41 per year. *See* Ex. C ¶ 8. Swenson determined this valuation because he received $116,773.13 in 80% commissions from Hillco in 2023, the year before Brown & Brown allegedly acquired those accounts. *Id.* The total 2023 Hillco revenue for those accounts, and thus the value of the accounts to Brown & Brown, was at least $145,966.41.

29.      The cumulative annual value of Swenson's book of business at issue in this case has not decreased since Brown & Brown purchased it in 2023. *Id.*

30.      The amount in controversy thus exceeds the $75,000 threshold.

## IV.    CONCLUSION

Because this case satisfies the requirements of diversity jurisdiction, Defendants remove the above-captioned matter to the United States District Court for the Middle District of Florida.

Dated: April 8, 2025                                          Respectfully submitted,

/s/ *Ellen Ross Belfer*
Ellen Ross Belfer
Fla. Bar No. 685208
HILGERS GRABEN PLLC
1221 Brickell Avenue, Suite 900
Miami, FL 33131
Telephone: (239) 378-7149
ebelfer@hilgersgraben.com

*Attorney for Defendants Legacy Insurance Group 3.0, LLC; Nathan Gilbert Insurance Agency; Swenson Insurance Group; Swenson Capital, LLC; and Westyn Swenson*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2025 I electronically filed the foregoing document with the Clerk of the court using the CM/ECF system, which sent notification of said filing to all CM/ECF participants. Written notice also is being given to Plaintiff in accordance with 28 US.C. § 1446(d).

/s/ *Ellen Ross Belfer*
Ellen Ross Belfer